**LEWIS BRISBOIS BISGAARD & SMITH LLP**
LEO A. BAUTISTA, SB# 149889
  E-Mail: Leo.Bautista@lewisbrisbois.com
ESTHER Y. SHIN, SB# 324049
  E-Mail: Esther.Shin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant, Zynpass, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ACQUISITION MANAGEMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ZYNPASS, LLC dba ALOWARE, <br><br> Defendant. | CASE NO. 2:19-CV-08481-AS <br><br> **DEFENDANT'S ANSWER TO COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Trial Date:   None Set |

Defendant ZYNPASS, LLC ("Defendant" or "ZYNPASS") hereby answers the Complaint ("Complaint") of Plaintiff ACQUISITION MANAGEMENT, INC. ("Plaintiff" or ACQUISITION") and alleges its Affirmative Defenses as follows:

**JURISDICTION AND VENUE**

1.   Paragraph 1 of the Complaint does not contain any factual allegations to which any response is required, and also contains legal conclusions to which no response is required.  Defendant admits that this court has jurisdiction over the Federal claims asserted in the Complaint.

2.   Defendant denies each and every allegation contained in paragraph 2 of the Complaint.

3.   Defendant admits that it conducts business within this judicial district.

1 | Except as expressly admitted herein, Defendant denies each and every allegation in paragraph 3.

4. Defendant denies each and every allegation contained in paragraph 4 of the Complaint.

## THE PARTIES

5. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and as such, denies them.

6. Defendant admits that it is a limited liability company formed under the laws of California with its business address at 16060 Ventura Boulevard, #110, PMB 209, Encino, California, 91436 and that it regularly conducts business in California. Except as explicitly admitted, Defendant denies the allegations in paragraph 6 of the Complaint.

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and as such, denies them.

## FACTUAL ALLEGATIONS

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and as such, denies them.

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and as such, denies them.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and as such, denies them.

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and as such, denies

them.

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and as such, denies them.

13. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and as such, denies them.

14. Defendant admits that it offers pay-per-call and telephone data analytics service. Except as specifically admitted herein, Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant admits the allegations of paragraph 15 of the Complaint.

16. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and as such, denies them.

17. Defendant admits that, among other keywords, at times it purchased the keyword "RINGBA" from Google and used the word "RINGBA" in a comparative manner. Except as specifically admitted herein, Defendant denies the allegations of paragraph 17 of the Complaint.

18. Defendant denies that it was barred by Google from use of "RINGBA" as alleged in paragraph 18 of the Complaint. With respect to the other allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and as such, denies them.

19. Defendant denies the allegations of paragraph 19 of the Complaint.

20. Defendant denies the allegations of paragraph 20 of the Complaint.

21. Defendant admits that, among other keywords, at times it purchased the keyword "RINGBA" from Google and used the word "RINGBA" in a comparative manner. Except as specifically admitted herein, Defendant denies the allegations of paragraph 21 of the Complaint.

1  22.  Defendant denies the allegations of paragraph 22 of the Complaint.
2  23.  Defendant denies the allegations of paragraph 23 of the Complaint.
3  24.  Defendant denies the allegations of paragraph 24 of the Complaint.
4  25.  Defendant admits that, among other keywords, at times it purchased the keyword "RINGBA" from Google and used the word "RINGBA" in a comparative manner. Except as specifically admitted herein, Defendant denies the allegations of paragraph 25 of the Complaint.
   26.  Defendant admits that Defendant has not requested Plaintiff's permission to use the "RINGBA" mark. Except as specifically admitted herein, Defendant denies the allegations of paragraph 26 of the Complaint.

## FIRST CLAIM FOR RELEIF
### (Trademark Infringement – 15 U.S.C. § 1114)

27.  Defendant incorporates by reference its responses to the previous paragraphs, and incorporates the same as if fully set forth herein.
28.  Defendant denies the allegations of paragraph 28 of the Complaint.
29.  Defendant denies the allegations of paragraph 29 of the Complaint.
30.  Defendant denies the allegations of paragraph 30 of the Complaint.
31.  Defendant denies the allegations of paragraph 31 of the Complaint.
32.  Defendant denies the allegations of paragraph 32 of the Complaint.
33.  Defendant denies the allegations of paragraph 33 of the Complaint.

## SECOND CLAIM FOR RELEIF
### (False Designation of Origin – 15 U.S.C. § 1125)

34.  Defendant incorporates by reference its responses to the previous paragraphs, and incorporates the same as if fully set forth herein.
35.  Defendant denies the allegations of paragraph 35 of the Complaint.
36.  Defendant denies the allegations of paragraph 36 of the Complaint.
37.  Defendant denies the allegations of paragraph 37 of the Complaint.
38.  Defendant denies the allegations of paragraph 38 of the Complaint.

1    / / /

## THIRD CLAIM FOR RELEIF

### (Trademark Dilution – 15 U.S.C. § 1125(c))

39. Defendant incorporates by reference its responses to the previous paragraphs, and incorporates the same as if fully set forth herein.

40. Defendant denies the allegations of paragraph 40 of the Complaint.

41. Defendant denies the allegations of paragraph 41 of the Complaint.

42. Defendant denies the allegations of paragraph 42 of the Complaint.

43. Defendant denies the allegations of paragraph 43 of the Complaint.

## FOURTH CLAIM FOR RELEIF

### (Trademark Dilution – Cal. Bus. & Prof. Code § 14247)

44. Defendant incorporates by reference its responses to the previous paragraphs, and incorporates the same as if fully set forth herein.

45. Defendant denies the allegations of paragraph 45 of the Complaint.

46. Defendant denies the allegations of paragraph 46 of the Complaint.

47. Defendant denies the allegations of paragraph 47 of the Complaint.

48. Defendant denies the allegations of paragraph 48 of the Complaint.

49. Defendant denies the allegations of paragraph 49 of the Complaint.

50. Defendant denies the allegations of paragraph 50 of the Complaint

## FIFTH CLAIM FOR RELEIF

### (Unfair Competition – Cal. Bus. & Prof. Code § 1700 et. seq.)

51. Defendant incorporates by reference its responses to the previous paragraphs, and incorporates the same as if fully set forth herein.

52. Defendant denies the allegations of paragraph 28 of the Complaint.

53. Defendant denies the allegations of paragraph 29 of the Complaint.

54. Defendant denies the allegations of paragraph 30 of the Complaint.

55. Defendant denies the allegations of paragraph 31 of the Complaint.

## **PRAYER FOR RELEIF**

56. In response to Plaintiff's "Prayer for Relief" on pages 11 through 12 of the Complaint, including the paragraphs numbered 1 through 11 within that section of the Complaint, Defendant denies that Plaintiff is entitled to any judgment against Defendant or any of the relief its seeks, including any award, injunctive, preliminary, or temporary relief.

### AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

57. The Complaint, and each claim for relief therein, fail to allege facts sufficient to state a claim for relief against Defendants, including, but not limited to, a failure to meet the standard of pleading set by the Supreme Court in *Ashcroft v. Inqbal,* 129, S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

### SECOND AFFIRMATIVE DEFENSE

58. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

59. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence and laches.

### FOURTH AFFIRMATIVE DEFENSE

60. Plaintiff's claims are barred, in whole or in part, by failure to mitigate damages.

### FIFTH AFFIRMATIVE DEFENSE

61. Plaintiff has not sustained any injury or damages as a result of any act or conduct of Defendant with respect to Plaintiff's alleged trademark.

### SIXTH AFFIRMATIVE DEFENSE

62. Defendants are informed and believe, and on that ground allege, that Plaintiff's alleged trademark, in whole in part, is unenforceable as it lacks secondary meaning and or is not known to the consuming public as identifying Plaintiff as a

source of the goods or services claimed.

## SEVENTH AFFIRMATIVE DEFENSE

63. Plaintiff's claims are barred as Defendant's acts as alleged in the Complaint constitute fair use.

## EIGHTH AFFIRMATIVE DEFENSE

64. Defendants allege that the Complaint, and each claim for relief contained therein, is barred, in whole or in part, because Defendant had an honest, good faith belief that all decisions affecting the Plaintiff were made solely for legitimate business related reasons and they were neither arbitrary, capricious, nor unlawful and were reasonably based upon the facts as Defendant understood them.

## NINTH AFFIRMATIVE DEFENSE

65. Plaintiff's claims for relief, and imposition of punitive damages, would violate the due process and the equal protection rights of Defendant under the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

66. In accordance with provision F.R.C.P., Rule 11, at the time of the filing of this Answer all possible Affirmative Defenses may not have been alleged inasmuch as sufficient facts and relevant information may have not been available after reasonable inquire under the circumstances. Therefore, Defendant reserves the right to amend this answer to allege an additional affirmative defenses if subsequent investigation so warrants.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant ZYNPASS, LLC prays for judgment as follows:

1. That Plaintiff's Complaint be dismissed; and that Plaintiff take nothing from this Defendants by virtue of its Complaint;
2. That judgment be entered in favor of Defendant and against Plaintiff;
3. That Defendant be awarded its costs of suit in reasonable attorneys'

fees incurred herein; and

For such other and further relief as this Court may deem just and proper.

DATED: November 25, 2019     LEO A. BAUTISTA
ESTHER Y. SHIN
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____/s/ Leo A. Bautista_____
Leo A. Bautista
Attorneys for Defendant, ZYNPASS, LLC

**DEMAND FOR JURY TRIAL**

Defendant ZYNPASS, LLC demands a jury trial on all matters so triable.

DATED: November 25, 2019
LEO A. BAUTISTA
ESTHER Y. SHIN
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: ___/s/ Leo A. Bautista___
Leo A. Bautista
Attorneys for Defendant, ZYNPASS, LLC